[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 4, 1986 in New York City, New York. The plaintiff has resided continuously in this state for the last three years. There is one child issue of this marriage, August Siena Cohn, born March 15, 1991. The evidence indicates that this marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
Both parties are 39 years old. They indicated no health problems. Both have similar educational backgrounds. The plaintiff is a writer who has had some of her work published. The defendant is self employed as a producer of in-house videos for CT Page 10983 various corporate and financial institutions. The plaintiff and defendant are articulate, bright and candid.
The evidence presented has led the court to conclude that the defendant must bear the major responsibility for the breakdown of this marriage. It would serve no useful purpose to recite the evidence upon which that conclusion was based.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-62, 46b-81, 46b-82 and46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
(1) The parties shall share joint legal custody of their daughter, August, with the plaintiff being the primary physical custodian. The defendant shall have liberal and flexible rights of visitation which shall include at least one evening per week and one evening per weekend. The parties shall share equally the driving responsibilities associated with accommodating the defendant's visits with the child.
(2) The defendant shall pay to the plaintiff as unallocated alimony and child support the sum of five thousand dollars ($5,000) per month. The payments shall commence on October 1, 1995 and continue on the first day of every month thereafter, in advance, until the death of either party, the plaintiff's remarriage, or September 30, 2001, whichever event first occurs. A contingent wage withholding order may enter.
This order is based on the defendant's gross income of $175,000 per year and the plaintiff's gross income of $8,300 per year. The court has also taken into consideration the defendant's obligations to pay back Federal and State income taxes.
The court notes that the combined net weekly income of the parties exceed the maximum limits of the Child Support Guidelines. The minimum presumptive level of support for one child is $327 per week. The defendant's obligation for child support under the guidelines would be $304 per week. The court has deviated from the guidelines because of its provision for alimony and tax planning considerations.
(3) The parties jointly owned a coop apartment at 205 Park CT Page 10984 Place, Brooklyn, New York. They shall continue to own the apartment jointly as tenants in common. The defendant shall have exclusive possession and control of the apartment. He shall be entitled to all income received therefrom and be solely responsible for all operating expenses including maintenance and repair charges. The defendant shall have the option to sell the apartment at anytime.
Five years from the date of this judgment, if the apartment has not been sold, the defendant, at his option, shall sell the apartment or buy the plaintiff's half interest. The balance of the proceeds received computed after deducting from the sales price (or fair market value if a buyout) the closing costs, a broker's fee, the mortgage and taxes due shall be equally divided between the parties.
If the property is sold within one year after the date of this judgment at a loss, the parties shall equally share the loss. If the defendant decides not to sell the property within one year, then any loss from a sale thereafter shall be his sole responsibility.
The court reserves jurisdiction over issues involving the operation of the property and the terms of any buyout or sale.
(4) The defendant shall retain ownership of his business known as Cohn/Thomas Communications and of his bank accounts.
(5) The plaintiff shall retain ownership of her bank accounts, including her custodial account; her 1994 Honda automobile and the literary rights to all books authored by her.
(6) The plaintiff shall return to the defendant his gold watch, keys to the Ridgefield apartment and title to the 1988 Jetta automobile.
(7) Each party shall be solely responsible for the payment of the debts listed on her and his financial affidavit.
(8) The defendant shall indemnify and hold the plaintiff harmless on any and all tax returns filed jointly by the parties.
(9) The defendant shall keep in full force and effect a life insurance policy in an amount sufficient to secure his alimony CT Page 10985 and child support obligations in the amount of $250,000. The policy shall name the plaintiff as beneficiary, as trustee for the minor child, August.
(10) The defendant shall provide medical and dental insurance for the minor child. The parties shall share equally all uninsured and unreimbursed expenses in connection with her health care.
The defendant shall cooperate with the plaintiff to provide the plaintiff with COBRA mandated health insurance coverage. The plaintiff shall be responsible for the payment of the premiums.
Section 46b-84d of the Connecticut General Statutes shall apply.
(11) The defendant shall contribute $20,000 toward payment of the plaintiff's legal expenses incurred in connection with this action. Payment shall be made six months after the defendant's obligation to pay the back Federal income taxes is discharged or four years from the date of this judgment whichever event first occurs.
The defendant shall notify the plaintiff whenever the defendant's obligation to pay the back Federal income taxes is compromised and discharged. If the debt is not compromised, the defendant shall notify the defendant in December of each year commencing in 1996 of the amount paid during that calendar year and the balance due. This procedure shall be followed until the obligation is fully discharged.
Judgment may enter accordingly.
NOVACK, J.